IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON, DIVISION

| | | |
|---|---|---|
| EMILE GREEN | § | |
| | § | |
| VS. | § | C.A. NO. G-05-423 |
| | § | |
| | § | |
| SEARIVER MARITIME, INC. AND | § | |
| S/R MARE ISLAND | § | RULE 9(H) ADMIRALTY |

### The Court Should Deny SeaRiver's Motion For New Trial

The Court Should deny SeaRiver's Motion for new trial because SeaRiver is simply asking this Court to re-weigh the evidence. The Court properly exercised its discretion in holding Defendants' liable for Mr. Green's injuries.

**I.**

**The Court Correctly Found That Defendants' Negligence Caused Green's Injuries**

The Court did not abuse its discretion in finding that Green's injuries were caused by the line throwing incident. To the contrary, the live testimony of Green's treating doctor confirmed that Mr. Green's injuries and resulting treatment were caused by the line throwing incident. This testimony also credibly established the nature and extent of those injuries. Further, the testimony of Defendants' IME doctor on causation was not credible. This lack of credibility becomes clear when the Court considers that: (1) Dr. Fulford testified that he had never had his expert opinions struck under a *Daubert*-type challenge, when in fact his testimony had been struck in Texas state court; (2) Dr. Fulford (with one exception) has only worked for Defendants in personal injury cases; and (3) in all his years of testifying Dr. Fulford (with one exception) has never found that a maritime plaintiff's injuries were caused by an on the job incident.

That being said, even Dr. Fulford could not deny that Plaintiff's medical treatment was necessary. Nor could Dr. Fulford deny that Plaintiff's injuries could have been caused by the line throwing incident. Based on the testimony of Dr. Fulford and Dr. Cupic, it is clear that the Court was well within its discretion in finding that Defendants' negligence caused Plaintiff's injuries. The Court was also well within its discretion in determining the extent of Green's injuries. As such, the Court should deny Defendants' motion for new trial.

## II.

**The Court Was Within Its Discretion In Finding That Defendants Acted Negligently**

There was ample evidence showing that Defendants acted negligently. This evidence included testimony that SeaRiver should have: (1) used a proper line; (2) warned Green not to throw the line when wet; or (3) used the 3-line tie. Importantly, Captain Schub admitted that he was in charge of the crew's safety, knew that Green had problems tossing the line, and that the line should not have been tossed when wet because it was to heavy. Knowing all this, Captain Schub still ordered Green to toss the line which ultimately led to Green's injuries. Further, Defendants cannot complain about the admission of evidence about subsequent remedial measures. Putting aside the fact that any objection was not properly preserved, the admission of such evidence was proper under Rule 407 to show the feasibility of precautionary measures and control.

At the end of the day, Defendants' motion is simply asking the Court to re-weigh the evidence. Defendants' citation to another, distinguishable case that reached a different result, proves the point– namely that the decision of whether a defendant acted negligently is within the

Court's discretion. Thus, Defendants' attempts to attack Green's credibility and bolster the credibility of their witnesses should be disregarded. These attempts are too late. The proper time for these character attacks and credibility arguments was at trial, not after the Court entered its judgment.

### III.

### The Court Correctly Applied The Collateral Source Rule

The Court correctly applied the collateral source rule. In fact, the Texas Court of Appeals recently rejected the same collateral source argument from SeaRiver under the same disability plan. *SeaRiver Maritime, Inc. v. Pike,*, 2006 WL 1553264 (Tex. App. - Corpus Christi June 8, 2006, pet. filed). Even if SeaRiver's arguments were correct (which they are not), these issues would not warrant a new trial. Rather, they would warrant a reduction in damages. As such, a new trial is not proper and Defendants' motion should be denied

### IV.

### Conclusion

The Court should deny Defendants' motion for new trial.

> Respectfully submitted,
>
> ARNOLD & ITKIN LLP
>
> */s/ Kurt B. Arnold*
> _____
> Kurt B. Arnold
> Texas State Bar No. 24036150
> Southern District of Texas No. 36185
> 700 Louisiana, Suite 4700
> Houston, Texas  77002
> Telephone: (713) 654-0063
> Facsimile: (713) 658-0674
>
> **ATTORNEYS FOR PLAINTIFF**

OF COUNSEL:

Jason A. Itkin
State Bar No. 24032461
Southern District of Texas No. 33053
ARNOLD & ITKIN LLP
700 Louisiana, Suite 4700
Houston, Texas 77002
Telephone: (713) 654-0063
Facsimile: (713) 658-0674

## Certificate of Conference

Counsel for Plaintiff has conferred with counsel for Defendant in a good faith effort to resolve the matters raised by this motion, and counsel for Defendant is opposed as to the disposition of the matters raised in this motion.

*/s/ Kurt B. Arnold*
_____
Kurt B. Arnold

## Certificate of Service

I certify that on December 29, 2006, a copy of the foregoing was served upon the following counsel of record in compliance with Rule 5 of the Federal Rules of Civil Procedure:

>   Keith LeTourneau
>   **BELL, RYNIKER & LETOURNEAU**
>   5847 San Felipe, Suite 4600
>   Houston, Texas 77057
>       *Attorney for Defendant SeaRiver Maritime Inc.*

*/s/ Kurt B. Arnold*
_____
Kurt B. Arnold