IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| EMILE GREEN, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. G-05-423 |
| § | |
| SEARIVER MARITIME, INC. and § | |
| S/R MARE ISLAND, § | |
| § | |
| Defendants. § | |

**ORDER DENYING DEFENDANT'S MOTION FOR A NEW TRIAL, MOTION TO AMEND FINDINGS OF FACT AND CONCLUSIONS OF LAW, AND MOTION FOR MODIFICATION OF JUDGMENT**

On August 7–8, 2006, this Court conducted a bench trial in the above-styled case. On December 5, 2006, the Court issued its Findings of Fact and Conclusions of Law and Final Judgment. Defendant SeaRiver Marine, Inc. ("SeaRiver") filed a Motion for New Trial in accordance with Rule 59. SeaRiver's Motion included a Motion to Amend Findings of Fact and Conclusions of Law and a Motion for Modification of Judgment. Plaintiff Emile Green ("Green") filed a timely Response. For the reasons stated below, the above-noted Motions are **DENIED**.[1]

**I. Standard of Review**

This Court will not grant a new trial "unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done." *Sibley v. Lemaire*, 184 F.3d 481, 487 (5th Cir. 1999). The party seeking the new trial has the burden of showing harmful error. *Id.* The

---

[1]The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

determination as to whether a new trial is merited is left to the sound discretion of the trial court. *Id.* Appellate review of the trial court's ruling is very limited. *Id.* A trial court's denial of a Motion for a New Trial "will not be reversed absent a clear abuse of discretion." *Johnson v. Offshore Exp, Inc.* 845 F.2d 1347, 1357 (5th Cir. 1988).

In admiralty cases, questions of negligence and causation are treated as fact questions. *Id.* at 1352. The Findings of Fact in such cases are "binding unless clearly erroneous." *Id.* Furthermore, "[e]vidence of the 'slightest' negligence is sufficient to sustain a finding of Jones Act liability." *Id.* (citing *Theriot v. J. Ray McDermott & Co., Inc.*, 742 F.2d 877, 811 (5th Cir. 1984) and *Allen v. Seacoast Prods., Inc.*, 623 F.2d 355, 361 (5th Cir. 1980)).

**II. Analysis**

 *A. Motion for a New Trial*

SeaRiver has offered a spirited restatement of the arguments presented a trial. The Court has already considered the evidence and testimony presented at trial and offered its Findings of Facts and Conclusions of Law accordingly. The bulk of SeaRiver's Motion for a New Trial is simply a restatement of the same arguments, and said arguments are no more persuasive now than they were at trial. SeaRiver has offered no new information or substantive testimony. As such, SeaRiver's Motion for a New Trial is **DENIED**.

 *B. Subsequent Remedial Measures*

SeaRiver additionally contends that a new trial is appropriate because the Court considered subsequent remedial measures when it determined that the vessel was unseaworthy due to having a line that was too limp and too large for tossing, in contravention to Fed. R. Evid. 407. The Court, in its Findings of Fact and Conclusions of Law, mentioned that SeaRiver removed the large tanker line and now used lighter lines subsequent to the accident. Indeed, such evidence could be inadmissible

if it were used to show "negligence, culpable conduct, a defect in product, a defect in product's design, or a need for a warning or instruction." Fed. R. Evid. 407. However, such evidence is admissible under Rule 407 if it is used to show that such measures were feasible. *Id.* In the instant case, ample evidence was presented at trial to show that the line was too limp and too large. For instance, the Captain admitted that the line should not have been tossed because it was too heavy. Furthermore, it is evident that it was feasible for SeaRiver to replace the line because it did replace the line after the accident. Thus, the evidence was considered for the purposes allowed under Rule 407, and the Court's reliance on the evidence as proof of feasibility is not an error. Therefore, the Court finds that SeaRiver's arguments regarding subsequent remedial measures have no merit.

    *C. Collateral Source Rule*

SeaRiver additionally claims that the Court erred because it did not discount Green's damages for payments made to Green under SeaRiver's disability plan, and SeaRiver requests a remittitur of the damages awarded. SeaRiver claims that, contrary to this Court's ruling, the disability payments were not collateral source payments. SeaRiver discusses the weight of the factors put forth by the Fifth Circuit in *Phillips v. Western Co. of N. Am.* in light of the evidence presented at trial. *See Phillips v. Western Co. of N. Am.*, 953 F.2d 923, 932 (5th Cir. 1992). The Court considered and weighed the factors delineated in *Phillips* when it determined that any disability benefits received by Green were fringe benefits. SeaRiver has offered no evidence that has not already been considered by the Court. Thus, SeaRiver's Motion to Amend Findings of Fact and Conclusions of Law and Motion for Modification of Judgment are **DENIED**.

**III. Conclusion**

    For the reasons set forth above, SeaRiver's Motion for a New Trial, Motion to Amend Findings of Fact and Conclusions of Law, and Motion for Modification of Judgment are **DENIED**.

Each Party is to bear its own taxable costs, expenses, and attorney's fees incurred herein to date.

**IT IS SO ORDERED**.

**DONE** this 16th day of January, 2007, at Galveston, Texas.

Samuel B. Kent
United States District Judge